**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

| | | |
|---|---|---|
| ROBERTO DE JESUS MARTINEZ, | ) | No. SACV 11-1491-TJH(CW) |
| Petitioner, | ) | ORDER OF DISMISSAL |
| v. | ) | |
| TIMOTHY S. ROBBINS, | ) | |
| Respondent. | ) | |

    This pro se Petition for Writ of Habeas Corpus by a Person in Federal Custody (28 U.S.C. § 2241) was filed on September 26, 2011, and challenged petitioner's indefinite detention awaiting removal to El Salvador. [Docket no. 1.] In a notice filed October 28, 2011, Respondent has provided documents showing that Petitioner's appeal to the Board of Immigration Appeals was sustained on October 17, 2011, and that he was released from immigration detention on October 21, 2011. [Docket no. 7.] Respondent requests that the petition be dismissed as moot. [Id.]

    Federal court jurisdiction is limited to adjudication of actual cases and live controversies. Lewis v. Continental Bank Corp., 494

U.S. 472, 477, 110 S. Ct. 1249, 108 L. Ed. 2d 400 (1990).  Federal courts lack jurisdiction over moot questions.  North Carolina v. Rice, 404 U.S. 244, 246, 92 S. Ct. 402, 30 L. Ed. 2d 413 (1971)(per curiam). When a federal court lacks the power to grant the relief requested, the case is moot.  Picrin-Peron v. Rison, 930 F.2d 773, 775 (9th Cir. 1991).  The relief sought by petitioner was release from "indefinite" immigration detention.  Because Petitioner has been released from custody, the court lacks the power to grant the relief requested, and the case is moot.

Accordingly, **IT IS ORDERED** that judgment be entered dismissing this action as moot.  The Clerk shall serve this order and the judgment herein on Petitioner and all counsel.

DATED: November 7, 2011

_____
TERRY J. HATTER, JR.
United States District Judge

Presented by:

Dated:  October 31, 2011

_____
CARLA M. WOEHRLE
United States Magistrate Judge

2